# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
March 26, 2015

v

No. 319059
Wayne Circuit Court
LC No. 11-012704-FC

ABDURRAHMAAN ABU-JEBREEL,

      Defendant-Appellant.

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur with my colleagues except as to their conclusion that there is an insufficient basis to remand to the trial court for a *Ginther*[1] hearing on defendant's claim of ineffective assistance of counsel. As to that issue, I dissent and would remand.

Following his convictions, defendant was appointed appellate counsel. After counsel and the prosecution filed briefs before this Court, defendant himself filed a Standard 4 brief,[2] arguing in part that his trial counsel had been constitutionally ineffective for failing to fully investigate the possible testimony of Kennesha McKenney, the only other eyewitness to the crimes, and/or call her as a witness. In support of this argument, defendant submitted a signed and notarized affidavit from McKenney, which provides:

> I, Kennesha McKenney, recant and repudiate the witness statement that I made to Highland Park Police Department's Detective Cooper and Boruta on Octoeber [sic] 26, 2012, at 00015 a.m. [sic], in the Henry Ford Hospital (file/case no. 2776-10). Furthermore, I do declare and bring forth that the statement was in fact falsehood and not told in truth, nor of my own free will. Before Detectives questioned me, I was encouraged to lie on [defendant] due to intimidation and coerced by Evan [McCarver] and his family and friends, many whom were his gang members that did not want me to inform Police that Evan in fact took the phone from me by force at his mother's house in Octoeber [sic] 2010. I did not

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] See Supreme Court Administrative Order No. 2004–6, Standard 4.

gift the phone to Evan. Evan had no right to possess my phone, which my husband [defendant] brouth [sic] brand new for me and helped maintain the bills and tried to help me get back from Evan.

Second, Evan arrived at the apartment, 138 Glendale, Apt. #316 uninvited. I did not invite him there that evening and was expecting my husband to return any minute. Evan tricked me into opening the door on the third floor apartment by saying he was going to return the phone, came in, refused to give the phone back, became argumentive [sic], tried to fight on me and began making threats to harm my husband if he arrived. Evan refused to leave Evan had beat on me before and taken a phone from me where I went to the Highland Park Police. Evan had threatened [defendant] on the phone before. Evan said he would kill [defendant] on Octoeber [sic] 25, 2010. I knew Evan possessed guns becanse [sic] I saw he and his friend with guns, who were in the 7 mile Rd. Knock Out Boyz Street Gang and I showed my husband some of the gang members and Evan's guns that he had on Evan's Facebook website. [Defendant] did come shortly.

[Defendant] did come home shortly, I told him Evan was there making threats, trying to fight on me. [Defendant] told me to tell him to return the phone and leave. Evan refused. Then [defendant] went into the Living Room, asked Evan for the phone back and to leave. Evan went to [defendant] like he did not hear [defendant]. [Defendant] angled a gun up and was saying "Don't run up on me". Evan then went to the bedroom where my children were and came back toward [defendant], who backed away. The gun went off, Evan was shot.

[Defendant] lived in that apartment with me and my children an and [sic] paid bills in as well as the love he and I shared, by Allaah.

The right to the effective assistance of counsel is guaranteed by the United States and Michigan constitutions. US Const Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039, 80 L Ed 2d 657 (1984); *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *Swain*, 288 Mich App at 643. "To prove a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell below objective standards of reasonableness and that, but for counsel's error, there is a reasonable probability that the result of the proceedings would have been different." *Id*.

McKenney did not testify in any of the proceedings below. However, the evidence established that she was the only witness, other than defendant and McCarver, to the actions for which defendant was convicted. There is no evidence regarding whether or not defendant's trial counsel interviewed or attempted to interview McKenney.

Generally, "[d]ecisions regarding . . . whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). However, McKenney's affidavit repudiates her statement to the police, supports

defendant's testimony, and contradicts McCarver's. And, based on the present record, it cannot be concluded whether defendant's trial counsel interviewed McKenney, why he did not call her as a witness, whether such a decision was a reasonable trial strategy, and whether it affected the outcome of the trial. Accordingly, I would remand for a *Ginther* evidentiary hearing to allow testimony from McKenney, defendant's trial counsel, and any other necessary witnesses to allow factual development sufficient to determine whether defendant was deprived of the effective assistance of counsel and so entitled to a new trial.

/s/ Douglas B. Shapiro